**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40593**
**Summary Calendar**
_____

**CARL RUBIN WILLIAMS,**

**Plaintiff-Appellant,**

**versus**

**GARY JOHNSON, DIRECTOR,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:96-CV-292)**

**October 20, 1997**

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carl Rubin Williams, Texas prisoner # 398504, filed a civil rights action against Gary Johnson, Director of the Texas Department of Criminal Justice (TDCJ), alleging that he was deprived of the opportunity to have 1758 days of good time credits restored in violation of the Ex Post Facto Clause. We do not decide whether Williams should have brought his claim in a habeas corpus application or a civil rights action because he has failed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to state a claim for relief under either standard.  *See **Thomas v. Torres***, 717 F.2d 248, 249 (5th Cir. 1983); *cert. denied* 465 U.S. 1010 (1984).

Effective 20 November 1993, TDCJ issued a directive discontinuing the restoration of good conduct time forfeited as a result of disciplinary violations.  We have held, that this directive does not violate the Ex Post Facto Clause.  ***Hallmark v. Johnson***, 118 F.3d 1073, 1078-79 (5th Cir. 1997).

To the extent that Williams raises a claim that he was deprived of a liberty interest without due process, we review for plain error.  *See **United States v. Calverley***, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc) (citing ***U.S. v. Olano***, 507 U.S. 725, 730-37 (1993)), *cert. denied* 513 U.S. 1196 (1995)).  We do not address the issue because Williams has not demonstrated error, plain or otherwise.  ***Id.***

***AFFIRMED***